**STATE of Minnesota, Respondent,**

v.

**Lawrence James MONTANARO,
Petitioner, Appellant.**

**No. C9–90–2038.**

Supreme Court of Minnesota.

Nov. 27, 1990.

ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that (a) the order of the court of appeals denying the petition of defendant Lawrence James Montanaro for discretionary review be, and the same is, reversed and (b) the order of the district court denying defendant's pretrial motion to dismiss the indictment be, and the same is, reversed without prejudice to the state's resubmitting the case before a new Grand Jury. The attached memorandum is hereby made a part of this order.

MEMORANDUM

The St. Louis County Grand Jury issued an indictment charging defendant with, among other things, first-degree premeditated murder and first-degree felony murder of a policeman in the shooting death of a Duluth police officer. Defendant moved to have the indictment dismissed and the case resubmitted to a Grand Jury because the prosecutors, improperly kept from the Grand Jury certain statements defendant made to the police and thereby left the Grand Jury with an arguably false impression of defendant's state of mind following the shooting. We have indicated that at the pretrial stage a trial court should dismiss an indictment if it is clear that the prosecutor knowingly committed misconduct in the presentation of evidence to the Grand Jury and if the misconduct substantially influenced the Grand Jury's decision to indict in the way it did or if the court is left with grave doubt that the decision to indict was free of any influence of the misconduct. *State v. Moore,* 438 N.W.2d 101, 104–05 (Minn.1989) (relying in part on

*Bank of Nova Scotia v. United States,* 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988)). We have also said that pretrial review of a motion to dismiss is discretionary and is reserved for "extraordinary circumstances." *State v. Johnson,* 441 N.W.2d 460, 467 (Minn.1989); *State v. Scruggs,* 421 N.W.2d 707, 717 (Minn.1988). A reading of the Grand Jury transcript reveals that the prosecution improperly left the Grand Jury with a mistaken impression as to defendant's post-shooting conduct and statements and thereby with an arguably false impression of defendant's state of mind following the shooting. We do not fault the court of appeals for denying defendant's petition for discretionary review. However, under the circumstances of this case, including our strong belief that prosecutors must understand the importance of fairly presenting the evidence to the grand jury, in the exercise of our supervisory jurisdiction we reverse the decision of the trial court denying the defendant's motion to have the indictment dismissed and the case resubmitted before a new Grand Jury.